IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PETE MCMANUS,

    Plaintiff,

v.                                                CASE NO. 1:12-cv-93-MP-GRJ

GAINESVILLE HOUSING
AUTHORITY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a complaint on or about April 12, 2012, in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida. Defendant Gainesville Housing Authority (GHA) subsequently removed this case to this Court on or about May 7, 2012, based upon federal question jurisdiction.[1] . Doc. 1. This case is now before the Court on the motions to dismiss of Defendants GHA, John Cherry, and Bernadette Woody (Docs. 4, 6 and 10), and Plaintiff's motion to "vacate" the removal, construed as a motion to remand (Doc. 5). Defendants seek dismissal of the Complaint on the grounds that Plaintiff has failed to comply with Fed. R. Civ. P. 8 and 10, the Complaint fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), and Plaintiff's claims are barred by accord and satisfaction. Plaintiff has filed responses in opposition to the motions to dismiss, Docs. 30 & 31, and this

---

[1] 28 U.S.C. § 1331. Section 1331 grants original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Id.

matter is now ripe for determination. For the following reasons, the undersigned recommends that the motions to dismiss be granted, that Plaintiff's federal claims be dismissed with prejudice, and that Plaintiff's remaining state claims be dismissed without prejudice.

## **Background of Plaintiff's Claims**

The events underlying Plaintiff's claims against Defendants are summarized in orders entered in a previous federal case filed by Plaintiff, *McManus v. GHA et al.*, Case No. 1:08-cv-110-MP-GRJ. Beginning in March 2002, Plaintiff rented an apartment owned by GHA Corporation, and managed by GHA. The apartment allegedly flooded several times over the course of seven years causing a mold problem and multiple medical issues for him. In the previous case, Plaintiff claimed that the mold issue was not resolved despite repeated requests and documentation from his medical sources that the mold was causing his health problems. Plaintiff also claimed that he was harassed and his property stolen in retaliation for his complaints about the condition of his apartment. Plaintiff asserted a state law claim for breach of the rental agreement, a state tort claim for gross negligence, federal claims for violation of 42 U.S.C. § 1983 relating to Defendant's alleged retaliation, taking or destroying his property, and refusing to move him to a different unit, claims under the Americans with Disabilities Act (ADA), claims under Section 8 of HUD, and violations of the Fair Housing Act. The Court found that Plaintiff failed to state a claim against the City of Gainesville and the GHA

Corporation. The Court found that Plaintiff's ADA and FHA claims were barred by the statute of limitations. The Court further found that Plaintiff's claims under § 1983 relating to property loss or damage were properly asserted in state court, and that his other § 1983 claims were not cognizable. The Court concluded that Plaintiff's breach of contract and/or tort claims amounted to a state law landlord/tenant dispute and not a federal civil rights case, and the Court declined to exercise supplemental jurisdiction over such claims. *Id.*

The allegations of the removed complaint are rambling and somewhat difficult to construe. The named Defendants are GHA, Gainesville Florida Housing Corporation (the Corporation), Shirley Jones, John Cherry, and Bernadette Woody. Giving Plaintiff the benefit of liberal construction, his claims may be summarized as follows. Plaintiff alleges fraud and conspiracy in violation of his rights under § 1983, and seeks to set aside the dismissal of his original state case, which he settled for $45,000 and a release of his claims.[2] Plaintiff contends that his state-court counsel dismissed the original case prior to payment of the settlement funds, in violation of the settlement agreement. Plaintiff does not allege that the funds were not paid, only that they were not paid within 14 days of the settlement, an event that he claims voids the settlement agreement. Plaintiff recounts at some length the factual basis for his personal injury and property damage claims stemming from the mold infestation. Plaintiff generally alleges that Defendants "confederated" to make his apartment uninhabitable and force him out of

---

[2] *See McManus v. GHA*, Case No. 08-CA-1776 (8th Jud. Cir).

Section 8 housing in violation of § 1983, the FHA, the ADA, and the full faith and credit clause of the Constitution. Plaintiff alleges that he was coerced and extorted into settling his state-court case because of threats to charge him with failing to report income. Plaintiff contends that the district judge in his prior federal case committed "reversible error" in violation of his constitutional rights in dismissing his case and exhibited prejudice against him. Plaintiff makes similar claims regarding the state court judge assigned to his previous case. For relief, Plaintiff seeks a total of $2,702,000.00 in compensatory and punitive damages. Doc. 1.

Although Plaintiff's claims and factual allegations are phrased somewhat differently, a comparison of the instant complaint with the complaint in *McManus v. GHA et al.*, Case No. 1:08-cv-110-MP-GRJ, reflects that they are in substance the same to the extent that Plaintiff asserts violations of his federal rights in connection with his GHA apartment unit and resulting mold injuries. The main substantive differences between the prior case and this case are Plaintiff's claims relating to the settlement and dismissal of his state court case. *See* Doc. 1; *McManus*, Case No. 1:08-cv-110-MP-GRJ, Doc. 63.

Because Plaintiff's Complaint contains civil rights claims arising under 42 U.S.C. §1983, the FHA, the ADA, and the Constitution, there is present in this case a claim over which this Court would have federal question jurisdiction. The Notice of Removal was filed within thirty days of Defendant's receipt of Plaintiff's complaint[3] and, therefore,

---

[3] Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil or proceeding shall be filed within <u>thirty days</u> after the receipt by the defendant . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based

this action was properly and timely removed. Plaintiff's construed motion to remand does not contest that the Complaint was removable due to his federal claims. *See* Doc. 5. Rather, Plaintiff asserts that his state law claims should be returned to state court, at which point he will file an amended action. *Id.* at 3.[4] Such claims stem from the circumstances surrounding the settlement and dismissal of his previous state case. *See* Doc. 1.

## **Standard of Review**

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993).

In *Ashcroft v. Iqbal*, . ___U.S. ___, 129 S.Ct. 1937, 1950 (2009), the Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief. In determining whether factual allegations are entitled to the

---

. . . ." (emphasis added).

[4] Plaintiff's construed motion to remand was timely, as it was filed within 30 days of the filing of the notice of removal. *See* Doc. 1, Exh. A.; 28 U.S.C. § 1447(c).

presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." *Iqbal*, 129 S.Ct. at 1951. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.,* 2010 WL 3995824, **1 (11th Cir. 2010) (unpublished) (citations omitted) (applying pleading standards of *Iqbal* and *Twombly* to *pro se* complaint).[5]

## Discussion

### *Federal Claims*

To the extent that the instant Complaint seeks to re-litigate federal claims against Defendants GHA and the Corporation, in view of this Court's previous dismissal of such claims the Complaint is barred by *res judicata*. Res judicata bars relitigation of matters decided in a prior case. *Jang v. United Technologies, Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000). Res judicata will bar a later action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same. *Id.*

---

[5]Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

The instant case satisfies all four requirements with respect to GHA and the Corporation. The Court clearly had jurisdiction over Plaintiff's prior federal case. The only claims against the Corporation in the instant case are founded upon a theory of *respondeat superior*, and the Court previously concluded that Plaintiff failed to allege the kind of direct involvement required by *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) to trigger such liability. The Court found that Plaintiff's ADA and FHA claims were barred by the applicable statutes of limitations. The Court found that Plaintiff's claims for property loss or damage were not cognizable under § 1983, nor did Plaintiff assert a cognizable claim for conspiracy. The Court concluded that Plaintiff's "allegations are either conclusory and speculative or involve a series of unrelated interpersonal disputes with individuals," and for those reasons "Plaintiff's claims asserted under 42 U.S.C § 1983 fail as a matter of law[.]" Case. No. 1:08-cv-110, Doc. 105.

Further, dismissal of a Plaintiff's complaint for failure to state a claim serves as a final judgment on the merits for *res judicata* purposes which operates to bar subsequent actions by the same plaintiff arising out of the same nucleus of operative facts or which are based upon the same factual predicate. *See Harmon v. Webster*, 263 Fed. Appx. 844, 845-46 (11th Cir. 2008) (*per curiam*) (prior dismissal of a complaint for failure to state a claim satisfies the elements of res judicata and bars further lawsuits based on the same operative facts); *NAACP v. Hunt*, 251 F.3d 1346, 1349 (11th Cir. 2001) (a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is an adjudication on the merits for *res judicata* purposes).

With respect to Defendants Shirley Jones, John Cherry, and Bernadette Woody, in Plaintiff's prior federal case Cherry and Woody were originally named as Defendants, but Plaintiff subsequently withdrew his claims against them in an amended complaint. Case. No. 1:08-cv-110, Doc. 76. Defendant Jones has not entered an appearance in this case, and it appears that she has not been served. In their motions to dismiss, Cherry and Woody argue that Plaintiff's allegations against them are disjointed, incoherent, and fail to allege facts that would state a cause of action. Docs. 6, 10.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic,* 550 U.S. at 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

Plaintiff's allegations against Cherry relate to Cherry's responses to discovery in Plaintiff's state-court case, in which Cherry stated he could not recall certain events, to unspecified complaints Plaintiff made to Cherry, to Cherry's removal as GHA director, and to alleged statements by Cherry regarding a theft by Plaintiff in 1958 which Plaintiff contends amounts to "libel." Doc. 1, para. 7, 26, 32, 33, and Count XV. Plaintiff's

allegations against Woody relate to unspecified complaints he made to her, to Woody's alleged refusal to accept service of an amended complaint, to statements by a third party that Woody "kept the shredder working overtime" during a HUD audit, and to Woody's alleged acknowledgment in 2004 that Plaintiff was disabled. *Id.* para. 26, 28-33, 43. Plaintiff's allegations regarding Jones reference an inspection report prepared by Jones, rent payments received by Jones, and Jones' alleged knowledge of mold infestation and Plaintiff's alleged disability. Doc. 1, para. 26, 34, 39-44.

These allegations are plainly insufficient to state any cognizable claim for relief under § 1983. Plaintiff's fragmentary allegations, even if true, do not show that any acts or omissions by the named individual Defendants had any causal connection to any violation of Defendant's rights under the Constitution or under the FHA, ADA, or any other laws of the United States. To the extent Plaintiff seeks to assert a conspiracy claim, his allegations are wholly vague and conclusory. *See Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simple aver in the complaint that a conspiracy existed..."). To the extent that Plaintiff asserts claims for property loss and damage, couched as constitutional violations under 42 U.S.C. §1983, such claims fail as a matter of law because even an intentional act of depriving another of property done under color of state law does not constitute a constitutional violation if state courts – as would be the case here – provide a meaningful remedy for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Even if Plaintiff were seeking to assert some direct claim against these Defendants under the ADA or the FHA, as the Court

previously held, such claims are barred by the applicable statutes of limitations.

For these reasons, the Defendants' motions to dismiss the Complaint for failure to state a claim should be granted as to Plaintiff's purported federal claims.[6]

### ***State Claims and Motion to Remand***

Plaintiff's state law claims primarily attack the settlement of his earlier state court case and his efforts to set aside that settlement on alleged "fraud upon the court" grounds and reopen his claims. *See* Doc. 1. Defendants have not responded to Plaintiff's construed motion to remand, in which Plaintiff seeks to pursue his state claims as an "independent action."

Plaintiff's state law claims are not independent actions but rather are claims within this action. Remand under 28 U.S.C. § 1447(c) applies to remand only of a "case" and not remand of some but not all of the claims in a case. Thus, because the Court had jurisdiction over the case when it was removed, due to the presence of the federal claims, any request to remand the case is due to be denied.

However, while the Court may exercise jurisdiction over supplemental state law claims, the Court is not required to do so. The decision to exercise supplemental jurisdiction is within the discretion of the district court. *See* 28 U.S.C. §1367(c)(3). Indeed, in this circuit, district courts are "encouraged" to decline exercising supplemental jurisdiction when, as here, all federal claims are dismissed. *Raney v.*

---

[6]In light of the foregoing, it is unnecessary to discuss whether Plaintiff's federal claims also are barred by "accord and satisfaction," as Defendants suggest, particularly since Plaintiff's remaining state claims challenge the validity of the settlement entered in his first state case.

*Allstate Insurance Co.*, 370 F.3d 1086,1088-1089 (11th Cir. 2004); *Murphy v. City of Aventura*, 383 Fed. Appx. 915, 918 (11th Cir. 2010). Accordingly, consistent with this policy and because the remaining claims attacking the validity of the settlement of the state case involve quintessential state law issues, the Court in its discretion should decline to exercise supplemental jurisdiction and dismiss the state law claims without prejudice.[7]

### Recommendation

For the foregoing reasons, it is respectfully **RECOMMENDED** that:

1. Defendants' motions to dismiss, Docs. 4, 6, and 10, should be **GRANTED** and Plaintiff's federal claims should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

*2.* Plaintiff's Construed Motion to Remand (Doc. 5) should be **DENIED** and pursuant to 28 U.S.C. § 1367(c)(3) the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss these claims without prejudice.

**IN CHAMBERS** this 29th day of January 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[7] Consistent with 28 U.S.C. § 1367(d) the period of limitations is tolled after dismissal for a period of 30 days so that Plaintiff will not be prejudiced by refiling in state court.